UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-60755-BLOOM/Valle

JOHN LEWIS MACKEY, JR.,

    Plaintiff,
vs.

DUNKIN' BRANDS, INC., *et al.*,

    Defendants.
_____/

## ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE

**THIS CAUSE** is before the Court upon Plaintiff's Motions for Leave to proceed *in forma pauperis*, ECF No. [3] (the "Motion"). The Court has carefully considered the Motion, any documents submitted therewith, the record in this case, and is otherwise fully informed as to the premises. For the reasons that follow, Plaintiff's Motion is denied and this case is dismissed.

Plaintiff, a *pro se* non-prisoner litigant, has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). In order to state a claim, a pleading in a civil action must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

Here, Plaintiff's Complaint must be dismissed because it is patently frivolous and fails to state a claim upon which relief can be granted. In the Complaint, Plaintiff describes how, on November 29, 2016, he was arrested at a Dunkin' Donuts in Pompano Beach, Florida, after using the restroom there. ECF No. [1] at 7. According to the Complaint, as Plaintiff was leaving the Dunkin' Donuts, he was "intercepted" by Dunkin' Donuts' "india [sic] female manager [who] made a terrorist threat and terrorist act of having Plaintiff unlawfully and illegal [sic] arrested for regaining access and using the restroom or bathroom . . . ." *Id.* The Complaint further alleges that the named defendants—which include the board of directors of Dunkin' Brands, Inc., the Dunkin' Donuts franchise in Pompano Beach where Plaintiff was arrested, the manager of that franchise, and the Broward County Sheriff—all "treated Plaintiff differently in a place of public accommodation because of race, color, nationality, origin, national origin, disability, financial status, religion, sex or gender, and age." *Id.* at 8. Based on these allegations, the Complaint asserts four discrimination claims—namely, unlawful discrimination in violation of 42 U.S.C. § 1981, unlawful public accommodation discrimination in violation of Fla. Stat. § 760.08 and 42 U.S.C. § 2000a, and "unlawful open to the public law discrimination" in violation of Fla. Stat. § 810.02(1)(a) and the Fifth and Fourteenth Amendments of the Constitution. *Id.* at 9-12.

Importantly, however, the Complaint is wholly devoid of any factual allegations suggesting that Plaintiff was subjected to any discrimination at all, let alone discrimination on account of the eleven bases named in the Complaint—as identified above.  At most, the Complaint merely offers baseless accusations such as the following: "Defendant manager of Dunkin' Donuts, is an india female from india [sic] . . . who is evil, envy, jealousy [sic], hateful of born original United States citizens, especially Plaintiff who is a real United States citizen of color"; and "Defendant Scott Israel as Sheriff of Broward County . . . is a foreign terrorist or domestic terrorist or both and so are his deputies, jailers, [and the] rest of his employees . . . ."[1] *Id.* at 3.  Ultimately, without more, Plaintiff's stated belief that he was discriminated (no matter how sincerely held) is too speculative to state a plausible claim for relief.  *See Davis v. Coca–Cola Bottling Co. Consolidated*, 516 F.3d 955, 974 (11th Cir. 2008) (applying Rule 12(b)(6) standard and rejecting race discrimination claims for failure to state a claim where complaint alleged only that plaintiffs were treated "differently than similarly situated white employees solely because of race," reasoning that that allegation "epitomizes speculation").

Accordingly, as presented in the Complaint, Plaintiff's claims are baseless and must therefore be dismissed as frivolous and for failing to state a claim.  *See, e.g.*, *Iqbal*, 556 U.S. at 696 ("The sole exception to this rule [that a court must accept a complaint's allegations as true, no matter how skeptical the court may be] lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (under 28 U.S.C. §

---

[1] The Court notes that the Complaint also references a prior arrest of Plaintiff at a Publix supermarket by the Broward County Sheriff's Office on June 15, 2016, and attaches the related arrest report.  *See* ECF No. [1] at 7-8; ECF No. [1-2] at 5.  The arrest report reflects that Plaintiff was arrested for trespassing after failing to comply with several requests to leave private property.  *See* ECF No. [1-2] at 5.

1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios, claims with which federal judges are all too familiar"); *Gallop v. Cheney*, 642 F.3d 364, 366, 368-69 (2d Cir. 2011) (district court properly *sua sponte* dismissed complaint as factually frivolous where plaintiff alleged that senior government officials caused the September 11, 2001 attacks).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Complaint, ECF No. [1], is **DISMISSED WITH PREJUDICE**. The Clerk is instructed to **CLOSE** this case. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3], is **DENIED**. Any other pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 25th day of April, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

John Lewis Mackey, Jr.
1900 W Oakland Park Boulevard
Fort Lauderdale, FL 33310